STATE OF MAINE                          SUPERIOR COURT
LINCOLN, SS.                            CIVIL ACTION
                                        Docket No. AP-2016-3


DIANE BLASCO,                  )
                Plaintiff,     )
                               )
                               )
        v.                     )            **ORDER**
                               )
                               )
TOWN OF SOUTHPORT,             )
                Defendant.     )


Pending before the Court is the Plaintiff's 80B appeal of a Notice of Violation ("NOV") issued by the Code Enforcement Officer ("CEO") of the Town of Southport.

Section 7(B)(1)(a) of the Southport Land Use Ordinance provides that "all enforcement actions taken by the [CEO] pursuant to Section 2.H . . . may be appealed by an aggrieved party only to the Superior Court pursuant to Rule 80.B of the Maine Rules of Civil Procedure." The parties and court are in agreement that the Notice of Violation at issue in this matter is an enforcement action taken by the CEO pursuant to Section 2.H of the Southport Land Use Ordinance.

In 2013, the Maine Legislature enacted a statutory amendment providing for review of NOVs:

> Absent an express provision in a charter or ordinance that certain decisions of its code enforcement officer or board of appeals are only advisory or may not be appealed, a notice of violation or an enforcement order by a code enforcement officer under a land use ordinance is reviewable on appeal by the board of appeals and in turn by the Superior Court under the Maine Rules of Civil Procedure, Rule 80B.

30-A M.R.S. § 2691(4).

Under Section 2691(4), NOVs are appealable to a board of appeals and then Superior Court unless the municipal ordinance states that they are "only advisory or may not be appealed."

Section 7(B)(1)(a) of the Southport Land Use Ordinance does not state that decisions of the CEO are only advisory or may not be appealed, but it attempts to allow appeal of CEO decisions directly to Superior Court. This is inconsistent with mandatory provisions of Maine law. A binding notice of violation issued by a CEO under a land use ordinance, which may be appealed under provisions of a municipal

1

ordinance, must be reviewable first by the board of appeals and only then, in turn, may an appeal be brought to Superior Court.

Therefore, this matter is REMANDED to the Southport Board of Appeals and the Board of Appeals is ORDERED to consider the Plaintiff's appeal as required by 30-A M.R.S. § 2691(4).

The Clerk is directed to incorporate this Order by reference into the docket for this case, pursuant to Rule 79(a), Maine Rules of Civil Procedure.

Dated: February 22, 2017

_____
JUSTICE, MAINE SUPERIOR COURT